UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE W. JEAN-LOUIS,

                Plaintiff,

      -against-

MAYOR ADAMS,

                Defendants.

24-CV-8873 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained on Rikers Island, brings this action *pro se*. Because Plaintiff did not submit the $405.00 in fees with the complaint, the Court understands Plaintiff to be seeking to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff is barred, however, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner. *See Jean-Louis v. Onafer Nuclear Power Plant*, No. 12-CV-1071 (JEM) (C.D. Cal. Feb. 22, 2012) (listing strikes).[1]

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Included among the strikes are the following cases: *Jean-Louis v. United States Att'y Gen.*, No. 4:06-CV-40136 (RCL) (D. Mass. July 2, 2007) (dismissed for failure to state a claim); *Jean-Louis v. Reno*, No. 1:94-CV-2648 (HHG) (D.D.C. Dec. 19, 1994) (dismissed for failure to state a claim); *Jean-Louis v. Dinkins*, No. 7:94-CV-1387 (CLB) (S.D.N.Y. Mar. 3, 1994) (dismissed as frivolous under former 28 U.S.C. § 1915(d)); *Jean-Louis v. Nuclear Regulatory Comm'n*, No. 1:83-CV-1857 (UNA) (D.D.C. Sept. 7, 1994) (same).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff's complaint, like many of his prior actions, alleges that the City of New York is unprepared to respond to a "nuclear attack." (ECF 1 at 1.) Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the required fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   November 25, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge